[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13122

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFERY ANDRE CHEAVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00075-JA-CPT-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Jeffery Andre Cheaves, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Cheaves argues that the district court abused its discretion by denying his motion before he submitted his medical records, which he has attached to his brief. The United States moves for a summary affirmance and to stay the briefing schedule. We grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

In 2019, Cheaves pleaded guilty to knowingly possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i), in exchange for the dismissal of charges for possessing a firearm as a felon, *id.* §§ 922(g)(1), 924(e)(1), and for possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C). Cheaves's presentence investigation report stated that he faced a statutory sentencing range of five years to life imprisonment, *see* U.S.S.G. § 2K2.4(b), and it recounted his long criminal history, which included convictions for possessing illegal drugs, petit theft, robbery, battery, and possessing a weapon as a felon. The district court sentenced Cheaves to the statutory mandatory minimum sentence of five years of imprisonment.

In 2021, Cheaves moved *pro se* for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argued that his aggressive prostate cancer, kidney disease, chronic lung disease caused by sarcoidosis, and hypertension increased his risk of complications from COVID-19. He alleged that he had requested but had not yet obtained his medical records. The United States opposed Cheaves's motion.

The district court denied Cheaves's motion on the alternative grounds that he established no extraordinary and compelling reasons for compassionate release and that the statutory sentencing factors weighed against modifying his sentence. The district court ruled that neither the possibility of exposure to COVID-19 nor Cheaves's medical conditions were sufficiently extraordinary and compelling, particularly without "records to substantiate [those] ailments or their severity." The district court considered the record that Cheaves had been "hospitalized in 1988, over thirty years ago for sarcoidosis on his lungs," "he began experiencing prostate issues . . . seeking treatment for frequent urination . . . [in] 2019," he reported back pain as his only ailment to "pretrial services . . . in this case," and he took medicine for kidney disease and hypertension. The district court found no evidence that Cheaves "suffer[ed] from prostate cancer" or that he "is incapable of self-care or is confined." And the district court found that Cheaves's criminal history, which spanned from the age of 17 to almost 60 years old, and included having his probation revoked three times, "weighed against [his] request for release." *See* 18 U.S.C. § 3553.

Summary affirmance is appropriate because the position of the government "is clearly right as a matter of law." *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Cheaves presented no medical records to support his motion for compassionate relief, and we cannot consider those records in the first instance on appeal, *see United States v. Cross*, 928 F.2d 1030, 1053 (11th Cir. 1991). The district court found that Cheaves's medical conditions did not qualify as extraordinary and compelling enough to warrant early release. *See* U.S.S.G. § 1B1.13 cmt. n.1; *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). And the district court correctly ruled that a reduction of Cheaves's sentence had to comport with the definition of "extraordinary and compelling reasons" in section 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021). Cheaves also does not dispute that his history of recidivism weighed against his early release. *See* 18 U.S.C. § 3553.

We **GRANT** the motion for summary affirmance and **DENY AS MOOT** the accompanying motion to stay the briefing schedule.

**AFFIRMED.**